ROB BONTA, State Bar No. 202668
Attorney General of California
MARIA G. CHAN, State Bar No. 192130
Supervising Deputy Attorney General
LUCAS L. HENNES, State Bar No. 278361
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7323
 Fax:  (916) 322-8288
 E-mail:  Lucas.Hennes@doj.ca.gov
*Attorneys for Appellee Brian Cates*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYMOND E. PEYTON,**<br><br>                                  Appellant,<br><br>    v.<br><br>**KATHLEEN ALLISON, PETER ALDANA, ROB BONTA, AND BRIAN CATES,**<br><br>                                  Appellees. | Case No. 1:23-cv-00760-JLT<br><br>**APPELLEE'S ANSWERING BRIEF** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................... 1
ISSUE PRESENTED .............................................................................................................. 1
STATEMENT OF THE CASE............................................................................................... 1
SUMMARY OF ARGUMENT .............................................................................................. 2
ARGUMENT ........................................................................................................................... 2
      PEYTON CANNOT OVERTURN HIS CRIMINAL CONVICTION NOR SEEK
      RELEASE FROM PRISON THROUGH BANKRUPTCY. ................................................ 2
CONCLUSION ....................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ex Parte Bollman*
   8 U.S. 75 (1807) .................................................................................................................. 3

*In re EPD Investment Co., LLC*
   523 B. R. 680 (9th Cir. BAP 2015) ...................................................................................... 1

*In re Gruntz*
   202 F.3d 1074 (9th Cir. 2000) .............................................................................................. 3

*In re Luckett*
   612 B.R. 408 (Bankr. D.N.M. 2020) .................................................................................... 3

*Nettles v. Grounds*
   830 F.3d 922 (9th Cir. 2016) ................................................................................................ 3

*New Falls Corp. v. Boyajian (In re Boyajian)*
   564 F.3d 1088 (9th Cir. 2009) .............................................................................................. 1

*Preiser v. Rodriguez*
   411 U.S. 475 (1973) ............................................................................................................. 2

**STATUTES**

California Penal Code
   § 269 ..................................................................................................................................... 1

## INTRODUCTION

On January 17, 2023, Appellant Raymond Eugene Peyton filed an adversary proceeding in the United States Bankruptcy Court of the Eastern District of California. His main objective in doing so: to obtain release from state prison, where he is serving a sentence for aggravated sexual assault of a minor by force. Among other wild claims, Peyton asserted that the state court judgment was a fraudulent executory contract to which he had not agreed, and therefore he had been wrongfully imprisoned under an illegal "judicial lien." The Bankruptcy Court correctly dismissed the adversarial proceeding for lack of jurisdiction as Peyton's exclusive remedy lies in habeas, not in bankruptcy. Undeterred, however, Peyton brought this meritless appeal before this Court, alleging—without evidence—that the Bankruptcy Judge "ignored dozens of citations affirming his ability to act in the instant action and . . . misstated the jurisdiction of his Court" and that Peyton is now "left in limbo with no remedy at Law." (Appellant's Opening Brief (AOB) at 1-2.) Appellee[1] respectfully requests that the Court reject Peyton's baseless appeal and affirm the Bankruptcy Court's order in full.

## ISSUE PRESENTED

Does a Bankruptcy Court have subject-matter jurisdiction to hear a state prisoner's challenge to his underlying conviction and incarceration? As a legal conclusion (and because the adversary complaint was dismissed for failure to state a claim), this issue is reviewed de novo. *New Falls Corp. v. Boyajian (In re Boyajian),* 564 F.3d 1088 (9th Cir. 2009); *In re EPD Investment Co., LLC*, 523 B. R. 680, 684 (9th Cir. BAP 2015).

## STATEMENT OF THE CASE

In 2007, Peyton was convicted of four separate counts of aggravated sexual assault and penetration by force, violence, duress, menace, or fear, in violation of California Penal Code section 269, and he was sentenced to a 60 year term in state prison. (Bankruptcy Court Docket (BCD) No. 39 at pp. 1-2.) Peyton filed chapter 7 bankruptcy and the underlying adversary proceeding in an attempt to void his criminal conviction and obtain release from prison, on the

---

[1] Appellee Brian Cates is the only party who was served in the lower court proceeding and is therefore the only party appearing through this brief.

grounds that his indictment was an illegal "executory contract" that cannot be enforced. (BCD No. 7.)

On March 14, 2023, the Bankruptcy Court issued an Order to Show Cause, noting that it lacked subject-matter jurisdiction over Peyton's claims "because federal bankruptcy courts have no jurisdiction to invalidate the results of state criminal proceedings." (BCD No. 39 at p. 3.) Because Peyton's complaint challenged the fact or duration of his confinement in state prison, and because all his other sought relief was derivative of that challenge, Peyton was ordered to explain why the Bankruptcy Court should not dismiss the adversary proceeding for lack of subject-matter jurisdiction. (*Id.* at p. 5.) On March 27, 2023, Peyton responded to the Order to Show Cause. (BCD No. 56.)

On May 4, 2023, after a hearing on the Order to Show Cause, the Bankruptcy Court dismissed the adversary proceeding without prejudice and without leave to amend for the reasons stated in the Order to Show Cause. (BCD No. 75.) Peyton's Notice of Appeal followed shortly thereafter. (BCD No. 82.)

## SUMMARY OF ARGUMENT

Bankruptcy Courts have no jurisdiction to invalidate the results of state criminal proceedings. Peyton's sole federal remedy is a petition for writ of habeas corpus, and he cannot obtain release from prison—or any of his other requested relief—through bankruptcy.

## ARGUMENT

### PEYTON CANNOT OVERTURN HIS CRIMINAL CONVICTION NOR SEEK RELEASE FROM PRISON THROUGH BANKRUPTCY.

Peyton alleges that the Bankruptcy Court erred in dismissing his adversary proceeding, and he seeks to have this Court "recall" his conviction and return him to his family home in Riverside, California. (AOB at p. 17.) Peyton is mistaken, and his appeal should be dismissed.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). "Although the writ of habeas corpus has

common law roots and is protected in the Constitution, the power to award the writ [of habeas corpus] by any of the courts of the United States, must be given by written law — a statute." *In re Luckett*, 612 B.R. 408, 411 (Bankr. D.N.M. 2020) (citing *Ex Parte Bollman*, 8 U.S. 75, 554 (1807)). No such power has ever been granted to a bankruptcy court. *See Luckett,* 612 B.R. at 411-414 (finding that bankruptcy courts lack jurisdiction to entertain requests from debtors for release from federal or state prison). Indeed, "[t]he federal habeas corpus statue was 'explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement.' An adversary proceeding in bankruptcy is not." *In re Gruntz*, 202 F.3d 1074, 1086 (9th Cir. 2000).

Rather than rebut this point—which has been at issue since the Bankruptcy Court's Order to Show Cause and is the *only* issue in this appeal—Peyton's Opening Brief is filled to the brim with inane conspiracy theories, incorrect statements of law, and absurd assertions of attorney misconduct. For example, Peyton alleges that he has been kidnapped by the California Department of Corrections and Rehabilitation (AOB at p. 9), that the use of his name in all caps constitutes "copyright infringement" (*id.* at p. 4), that the Riverside County Superior Court was actually an Admiralty Trial Court that issued a "civil contract with a criminal penalty" (*id.* at p. 5), and that he was not actually indicted, but was only the "receeipient [sic] of 'charges' against his corporate entity" (*id.* at p. 6). None of these nonsensical assertions—indeed, none of the assertions in the entire brief—have any bearing on the Bankruptcy Court's lack of subject-matter jurisdiction over state court criminal judgments.

Throughout his brief, and throughout this entire case, Peyton seeks to fit a square peg (his criminal conviction and incarceration) into an unrelated round hole (admiralty and contract law). To the extent Peyton believes his incarceration is unlawful, he has a clear remedy under federal law: a petition for writ of habeas corpus. *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016). His claims to the contrary are simply distractions from the *only* issue at hand in this appeal: whether the Bankruptcy Court has jurisdiction. It does not. The Court must affirm the Bankruptcy Court's order.

///

# CONCLUSION

Peyton's claims were not properly before the United States Bankruptcy Court because the Court does not have jurisdiction to overturn Peyton's conviction. As such, this appeal lacks any merit. Appellee respectfully requests the Court dismiss the appeal and affirm the Bankruptcy Court's order.

Dated: July 13, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
MARIA G. CHAN
Supervising Deputy Attorney General

*/s/ Lucas L. Hennes*

LUCAS L. HENNES
Deputy Attorney General
*Attorneys for Appellee Brian Cates*

SA2023301045
37323010.docx

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   *Raymond E. Peyton v. Kathleen Allison, et al.*
District Court Case No.:  1:23-cv-00760-JLT
Bankruptcy Court Case No.:  22-11350-B-7
Adversary Proceeding No.: 23-01003

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **July 13, 2023**, I served the attached **APPELLEE'S ANSWERING BRIEF** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Raymond E. Peyton - F-87541
Avenal State Prison
P.O. Box 905
Avenal, CA  93204

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **July 13, 2023**, at Sacramento, California.

| D. Kulczyk | /s/ D. Kulczyk |
|---|---|
| Declarant | Signature |