UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND-EUGENE PEYTON,<br><br>Appellant,<br><br>v.<br><br>KATHLEEN ALLISON, PETER ALDANA, ROB BONTA, AND BRIAN CATES,<br><br>Appellee. | Case No. 1:23-cv-00760-JLT<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S RULING AND DISMISSING APPEAL<br><br>(Doc. 7) |

Pending before the Court is *pro se* Chapter 7 debtor Raymond-Eugene Peyton's appeal of the Bankruptcy Court's order, in Bankruptcy Adversary Proceeding ("AP") No. 23-01003, dismissing Peyton's adversary proceeding for lack of subject matter jurisdiction. (AP No. 23-01003, Docs. 39, 75.) After reviewing the parties' briefs and underlying record, the Court **AFFIRMS** the bankruptcy court's ruling.

I. **PROCEDURAL HISTORY**

A. **Background**

In 2007, Peyton was "convicted of three counts of penetration by force, violence, duress, menace, or fear [Cal. Pen. Code ("PC") § 269(a)(5)], . . . one count of aggravated sexual assault of a minor by force [PC § 269(a)(4)]" and sentenced to serve a sixty-year prison term. (*See* AP No. 23-01003, Doc. 39 at 1-2.) Peyton received a Chapter 7 discharge pursuant 11 U.S.C. § 727

on November 28, 2022.  (*Id.* at 2.)  On January 17, 2023, Peyton filed a complaint ("Complaint") against Kathleen Allison, Peter Aldana, Rob Bonta, and Brian Cates in the United States Bankruptcy Court, Eastern District of California, commencing the adversary proceeding (AP No. 23-01003) that is before the Court on appeal.

**B. The Adversary Proceeding**

In the Complaint, Plaintiff argued the Chapter 7 discharge included Plaintiff's criminal indictment, conviction, and prison sentence.  (*See* AP No. 23-01003, Doc. 39.)  Specifically, Plaintiff asserted "the indictment leading to his subsequent conviction in Riverside County Superior Court is an 'Executory Contract' because it lists two parties and bears a case or registration number" and argued:

> (1) since the indictment was formed without his knowledge or consent, . . . it is an illegal contract that cannot be enforced . . .. (2) the names of the parties to the purported contract—Plaintiff and "THE PEOPLE OF THE STATE OF CALIFORNIA"— are spelled with capital letters, or "ALL-CAPS", and are not registered with the Secretary of State as corporations, [therefore,] they are not authorized to conduct business. . ..  [and] (3) the indictment unlawfully changed [Plaintiff's] without his consent because the capitalization is different from his birth certificate.

(*Id.* at 2) (internal citations omitted.))  Plaintiff requested the following relief:

> (1) recall of his sentence, conviction, and all orders arising from the "illegal contract" as null and void; (2) recall of Plaintiff's "ENTIRE criminal conviction and ALL associated records . . . such actions were also based upon an illegally formed contract"; (3) eradication of all records, debts, and created indemnities from the illegally formed contract; (4) "ALL proceeds made from the sale of the Surety Bond(s) and other GSA bonds created from the illegally formed contract be returned to [Plaintiff] . . ."; (5) the U.S. Marshals Service to retrieve Plaintiff from the California Correctional Institution . . . and "return his corpus as well as all of his real and personal property to his place of residence"; and (6) "all mutual bond(s)/funds associated with [Plaintiff]'s criminal case #: RIF129302, be removed from the open market and proceeds from these bonds returned to [Plaintiff] . . .."

(AP No. 23-01003, Doc. 39 at 2-3) (emphasis in original).  The bankruptcy court issued an order to show cause stating "it appears, after careful consideration of the Complaint, . . . [the] court lacks subject matter jurisdiction over this adversary proceeding under relevant Ninth Circuit authority" (AP No. 23-01003, Doc. 39 at 1) and held a hearing on the court's order to show cause.

2

1 (Doc. 8 at 5.) Following the hearing, the bankruptcy court issued an order dismissing Plaintiff's adversary proceeding "without prejudice and without leave to amend for lack of subject matter jurisdiction and on the grounds stated in the order to show cause." (AP No. 23-01003, Doc. 75.) From that order, Plaintiff appeals.

### C. The Pending Appeal

On appeal, Peyton argues the bankruptcy court erred in dismissing the adversary proceeding and "failed to recognize its authority . . . [and] jurisdiction . . . to bring forth remedy in th[e] case." (Doc. 7 at 1.) Peyton asserts the court had jurisdiction over the proceeding for the following "intertwining issues": (1) "the nature of the trial court's fraud; the fraudulent executory contract[;]" (2) "the true jurisdiction of the bankruptcy court[;]" (3) "the 11th reversal of the D.A.G.'s 'tacit agreement' with Plaintiff's claims[; and]" (4) "conflicts of interest." (*Id.* at 2.) In Peyton's reply brief (Doc. 9), Peyton clarified that the "real issues" and arguments are "[m]ultiple instances of fraud that result in the nullification and voiding of the judgments of the Riverside Co. Superior Court ab-initio. . ." and "[t]he U.S. Bankruptcy Court's 'Subject Matter Jurisdiction' to correct the trial court's fraudulent conviction." (Doc. 9 at 2.)

Appellee argues the bankruptcy court's ruling was proper because the court "lacks jurisdiction to invalidate the results of state criminal proceedings." (Doc. 8 at 5.) Appellee asserts Peyton's "sole federal remedy is a petition for writ of habeas corpus, [therefore;] he cannot obtain release from prison . . . through bankruptcy." (*Id.*)

### II. STANDARD OF REVIEW

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees issued by bankruptcy courts. 28 U.S.C. § 158(a)(1); *see also* 28 U.S.C. §1334. On an appeal from a bankruptcy court's decision, the district court functions as an appellate court. *See In re Crystal Props., Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001). The district court "may affirm, modify, or reverse a bankruptcy's judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Kelly*, 499 B.R. 844, 852–53 (S.D. Cal. 2013) (quoting Fed. R. Bankr.P. 8013)). The district court's standard of review is identical to the standard used by circuit courts of appeal reviewing district court decisions. *See In re Valdellon*, No. 2:21-CV-

1  01840-DJC, 2024 WL 404404, at *3 (E.D. Cal. 2024) (citing *In re Baroff*, 105 F.3d 439, 441 (9th
2  Cir. 1997); *see also In re Fields*, No. CIV. S-09-2930 FCD, 2010 WL 3341813, at *2 (E.D. Cal.
3  2010). Thus, the bankruptcy court's conclusions of law are reviewed de novo, and its findings of
4  fact are reviewed for clear error.  *See  In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022); *In re
5  Fields*, 2010 WL 334183, at *2 (quoting *In re Southern Cal. Plastics, Inc.,* 165 F.3d 1243, 1245
6  (9th Cir. 1999) ("[T]he bankruptcy court's factual findings are reviewed for clear error, and its
7  conclusions of law are reviewed de novo.")); *see also* Fed. R. Bankr.P. 8013; *In re Bammer*, 131
8  F.3d 788, 792 (9th Cir. 1997) (en banc).  Dismissal without leave to amend is reviewed for abuse
9  of discretion.  *AE v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *see also In re Tracht Gut,*
10 *LLC*, 503 B. R. 804, 810 (9th Cir. BAP 2014), aff'd 836 F.3d 146 (9th Cir. 2016).  "A bankruptcy
11 court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal
12 standard, or makes factual findings that are illogical, implausible, or without support in inferences
13 that may be drawn from the facts in the record."  *In re Jackson*, 2023 WL 7548049, at *2 (citing
14 *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

15 **III.     LEGAL STANDARD**

16     **A. Bankruptcy Court's Subject Matter Jurisdiction**

17     The bankruptcy court's subject matter jurisdiction is granted by statute and confined to
18 "civil proceedings arising under [the Bankruptcy Code], or arising in or related to" the bankruptcy
19 case.  28 U.S.C. § 1334(b).  The Ninth Circuit has explained the terms "arising under" and
20 "arising in" are terms of art.  *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013)
21 (citing *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2000)).  Proceedings "arising under" the
22 Bankruptcy Code "present claims for relief" (*In re Jackson*, 2023 WL 7548049, at *3) and causes
23 of action created or controlled by a statutory provision of the Bankruptcy Code.  *Id.*  Proceedings
24 "arising in" a bankruptcy case are not explicitly created or controlled by the Bankruptcy Code;
25 however, such claims "would have no existence outside of a bankruptcy case." *Id.*  A civil
26 proceeding is "related to" a bankruptcy case if the outcome of the proceeding "could conceivably
27 have any effect on the estate being administered in bankruptcy." *In re Jackson*, No. AP 23-01002,
28 2023 WL 7548049, at *3 (B.A.P. 9th Cir. 2023) (quoting *Celotex Corp. v. Edwards*, 514 U.S.

300, 308 n.6 (1995)). "[B]ankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp*, 514 U.S. at 308 n.6.

The Ninth Circuit has also emphasized that "federal bankruptcy courts should not invalidate the results of state criminal proceedings." *In re Gruntz*, 202 F.3d 1074, 1084 (9th Cir. 2000). "[T]he federal remedy for challenging a conviction and confinement is a writ of habeas corpus, not a bankruptcy proceeding." *In re Jackson*, 2023 WL 7548049, at *3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release) (internal quotations omitted)). Only the Supreme Court and district courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a) (identifying courts that can grant writs of habeas corpus). Bankruptcy courts do not have the statutory authority to award the writ. *Id.*; *see also In re Gruntz*, 202 F.3d at 1088 ("Any post-conviction federal remedy lies in the writ of habeas corpus.")).

## IV. DISCUSSION

The bankruptcy court did not err in dismissing Peyton's adversary proceeding for lack of subject matter jurisdiction. The bankruptcy court's jurisdiction is governed by statute, and it is limited to civil proceedings that "arise under" the Bankruptcy Code, and "arise in" or "relate to" a bankruptcy case. *See* 28 U.S.C. § 1334(b). Though Peyton raised various claims in his adversary proceeding, all the claims derive from his request for release from prison. (*See* AP No. 23-01003, Doc. 39 at 4) ("Plaintiff's first two claims for recall of his criminal sentence and conviction seek to challenge his physical imprisonment, so a writ of habeas corpus is required. . .." The "remaining claims for ordering . . . eradication of his criminal records, debts, and indemnities resulting from . . . conviction[;] return of proceeds from the sale of bonds created from . . . conviction[;] the . . . return [of] Plaintiff to his place of residence[;] and the removal of mutual bonds or funds associated with his criminal case from the open market and return of proceeds. . .".))

Peyton's indictment, conviction, and sentence did not "arise under" the Bankruptcy Code or "arise in" his Chapter 7 bankruptcy case. The indictment, conviction, and sentence were based

in criminal law, imposed by criminal statutes, and did not invoke any rights created by the Bankruptcy Code. These claims are solely criminal and existed outside of Peyton's bankruptcy case. Therefore, the claims do not "arise under" the Bankruptcy Code or "arise in" a bankruptcy case. *See In re Jackson*, 2023 WL 7548049, at *3 -*4 (finding the adjudication of appellant's criminal matters "was not the provenance of a bankruptcy court" and the court properly determined it lacked subject-matter jurisdiction.) These claims are also not "related to" Peyton's bankruptcy case because the outcome would not have any effect on Peyton's bankruptcy estate. (*See also* the bankruptcy court's order (AP No. 23-01003, Doc. 39) and Appellee's brief (Doc. 8.))

Furthermore, contrary to Peyton's assertion, the federal remedy for challenging a conviction and confinement is a writ of habeas corpus, not a bankruptcy proceeding. *Preiser*, 411 U.S. at 488-90 (the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release is habeas corpus); *see also In re Gruntz*, 202 F.3d at 1088 ("Any post-conviction federal remedy lies in the writ of habeas corpus."). This rule reflects a "fundamental policy against federal interference with state criminal prosecutions." *In re Jackson*, 2023 WL 7548049, at *3 (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)).

The bankruptcy court's order also dismissed Peyton's complaint without leave to amend. This Court reviews a dismissal without leave to amend for abuse of discretion. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Regarding this matter, the Court finds that the bankruptcy court did not abuse its discretion because Peyton "could not plead any set of facts that would cure the complaint's deficiencies." *In re Jackson*, 2023 WL 7548049, at *4; *see also* Flowers *v. First Hawaiian Bank*, 295 F.3d 966 (9th Cir. 2002) ("A pro se litigant must be given leave to amend his or her complaint unless it is obviously clear that the deficiencies in the complaint could not be cured by amendment."). Peyton's complaint deficiencies could never be cured. For these reasons, the bankruptcy court properly determined that it lacked subject matter jurisdiction.

## V. CONCLUSION

Peyton's adversary proceeding does not fall within the bankruptcy court's subject matter

jurisdiction because the claims for relief and asserted causes of actions do not "arise under" the Bankruptcy Code; or "arise in" or "relate to" Peyton's Chapter 7 bankruptcy case. The Court finds the bankruptcy court did not err in dismissing Peyton's adversary proceeding for lack of subject matter jurisdiction. Accordingly, the Court **AFFIRMS** the bankruptcy court's ruling and **DISMISSES** Peyton's appeal.

IT IS SO ORDERED.

Dated: __March 4, 2024__

UNITED STATES DISTRICT JUDGE